# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Mariama Moore, | Case No. 24-CV-0789 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| St. Paul Police Department, | |
| Defendant. | |

**IT IS HEREBY ORDERED THAT:**

1. The application to proceed *in forma pauperis* of Plaintiff Mariama Moore (Dkt. No. 2) is **GRANTED**.

2. Ms. Moore must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Ms. Moore does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend dismissing this action without prejudice for failure to prosecute. Marshal Service Forms will be provided to Ms. Moore by the Court.

3. After receipt of the completed Marshal Service Form, the U.S. Marshals Service is directed to effect service of process on Defendant St. Paul Police Department consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

4. Ms. Moore's request for a "fee exemption for [her PACER] account" is **DENIED**.[1] Ms. Moore has stated that her PACER account is "disabled for non-payment,"

---

[1] Ms. Moore made this request in an email (dated March 29, 2024) to several judges, including Chief Judge Patrick J. Schiltz, who is the district judge assigned to this matter.

and suggests that she "cannot afford the fees." In response to an inquiry from the Court, the Administrative Office of U.S. Courts stated that Ms. Moore used PACER between January and March of this year, payment on Ms. Moore's PACER account is past due, and her PACER account has been disabled as a result. However, this does not mean Ms. Moore cannot use PACER at all and after reviewing the access to PACER that Ms. Moore still has, the Court does not find she needs a fee exemption.

Under the Electronic Public Access Fee Schedule implemented by the U.S. federal courts, "[c]ourts may exempt certain persons or classes of persons from payment of the user access fee"—in other words, the fee to access PACER. *See* U.S. Courts, Electronic Public Access Fee Schedule, *available at* https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Apr. 5, 2024). But in granting an exemption—which should be "the exception, not the rule"—a court must find "that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *See id.*; *see also, e.g.*, *Walker v. Shafer*, No. 16-CV-5121 (JLV), 2018 WL 813420, at *3 (D.S.D. Feb. 9, 2018) (citing Fee Schedule).

Ms. Moore has not demonstrated that she needs an exemption. Under the Fee Schedule, "[p]arties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of

---

Requests for any Court relief—such as Ms. Moore's fee-waiver request—should be made in docketed motions, not emails. Ms. Moore is therefore warned that this Court may disregard any further requests that she makes through email rather than through standard motion practice.

all documents filed electronically . . . ." Furthermore, "[n]o fee is charged for access to judicial opinions," and "[n]o fee is charged for viewing case information or documents at courthouse public access terminals." Again upon inquiry, the Administrative Office of U.S. Courts explained that holders of PACER accounts that are disabled for past due bills are still able to have "one free look" at documents filed in cases in which they are a party. Because Ms. Moore can still have a free look at all the documents filed in her case, the Court will not grant an exemption.

Date: April 9, 2024                     *s/ John F. Docherty*
                                        JOHN F. DOCHERTY
                                        United States Magistrate Judge