UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARIAMA MOORE, | Case No. 24-cv-789 (LMP/SGE) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR |
| SAINT PAUL POLICE DEPARTMENT, | SUMMARY JUDGMENT |
| Defendant. | |

Mariama Moore, Minneapolis, MN, *pro se.*

Colin Laffey, **Saint Paul City Attorney's Office, St. Paul, MN**, for Defendant.

Plaintiff Mariama Moore, representing herself, filed this action against Defendant Saint Paul Police Department ("SPPD"), alleging various constitutional violations under 42 U.S.C. § 1983. ECF No. 1. One claim remains: Moore alleges that SPPD unlawfully entered her dorm room in violation of the Fourth Amendment. ECF No. 29. Both parties move for summary judgment. ECF Nos. 75, 90. Because Moore's Section 1983 claim fails as a matter of law, the Court grants SPPD's motion for summary judgment and dismisses the case.

BACKGROUND

I.  **Factual Background**

The parties engaged in very little discovery before moving for summary judgment. As a result, the facts here are sparse and consist almost exclusively of the body-worn camera footage of one SPPD officer. The video shows that on February 9, 2024, two SPPD

officers—alongside several Hamline University public safety officers—arrived at Moore's dorm room on Hamline's campus. ECF No. 75 at 1; ECF No. 13 (hereinafter "Body-Worn Footage") at 00:00–00:10. One of the Hamline officers knocked on Moore's door and informed Moore that he was investigating a noise complaint. Body-Worn Footage at 00:20–00:31. Moore responded that she would not open the door, and the Hamline officer said that he would "key in" to the room if she refused to open the door. *Id.* at 00:30–00:38.

Shortly thereafter, Moore opened the door halfway. *Id.* at 01:41–01:45. The Hamline officer informed Moore that "we got a noise complaint, and also . . .," at which point an SPPD officer stepped into Moore's view and said "we are here to serve you some papers." *Id.* at 01:45–01:51. The SPPD officer gently pushed Moore's door open and entered Moore's dorm room. *Id.* at 01:51–01:55. Once in the room, the SPPD officer told Moore that he was there to serve her a harassment restraining order. *Id.* at 01:55–01:58. The SPPD officer then informed Moore of the legal basis and ramifications of the harassment order while Moore aggressively protested. The SPPD officer then left Moore's dorm room after Moore refused to acknowledge service by signing the restraining order. *Id.* at 02:38–06:38. As a result of the alleged constitutional violation, Moore did not suffer any physical, mental, or emotional injury and has indicated that she has no evidence of actual damages. ECF No. 99 at 10.

## II.    Procedural Background

On March 6, 2024, Moore filed this Section 1983 action against SPPD. ECF No. 1. Moore identified the individual officers in her complaint but did not include them as parties to the lawsuit, ECF No. 1 at 1, nor has she sought to amend her complaint or otherwise

involve the individual officers in the lawsuit by serving them with the complaint, ECF No. 94 ¶ 6.  SPPD filed an answer generally denying all claims and asserting that Moore failed to state a claim against SPPD on which relief could be granted because Moore is purporting to sue under Section 1983 yet did not identify how SPPD was responsible for the individual officers' actions.[1]  ECF No. 11 at 12–13.

On July 26, 2024, the Court issued its initial pretrial scheduling order, ordering that discovery be completed by June 30, 2025, and that dispositive motions be filed two months after that, on August 29, 2025.  ECF No. 44.  Moore moved to quash discovery and asserted that she did not want to engage in any discovery, ECF No. 57, and later asked the Court for an immediate settlement conference, ECF No. 64.  On November 12, 2024, United States Magistrate Judge Shannon G. Elkins held a hearing on Moore's motion to quash, at which time Moore represented that she did not want any discovery and instead wanted to proceed to dispositive motions.  *See* ECF No. 73.  Judge Elkins granted Moore's request and informed the parties that they were free to file dispositive motions but did not set a scheduling order for the filing of those motions.  *See id.*

On November 20, 2024, before the Court entered a new scheduling order, Moore moved for summary judgment and requested one million dollars in "nominal and punitive damages." ECF No. 75 at 8.  On November 21, 2024, Moore filed another memorandum in support.  ECF No. 79.  Recognizing the need for a modified scheduling order to

---

[1]   SPPD alleged more than a dozen affirmative defenses in its May 16, 2024 Answer. ECF No. 11 at 12–14.  Those put Moore on notice of SPPD's defenses, including failure to allege *Monell* liability, unavailability of respondeat superior, and qualified immunity, among others.  *Id.*

3

accommodate Moore's request to eliminate any further discovery and to move directly to briefing on dispositive motions, on November 22, 2024, the Court ordered that SPPD file any dispositive motions by January 15, 2025. ECF No. 80. And under Local Rule 7.1, the Court ordered responsive briefs be filed 21 days later, on February 5, 2025, and that reply briefs be filed 14 days after that, on February 19, 2025. *Id.* At the same time, the Court set a hearing on any motions for summary judgment 14 days after the end of briefing, on March 5, 2025. *Id.*

On December 10, 2024, Moore filed another memorandum in support of her motion for summary judgment. ECF No. 87. The Court construes all three of her summary judgment filings, ECF Nos. 75, 59, 87, as one motion for summary judgment. On January 15, 2025, SPPD moved for summary judgment. ECF No. 90.

On March 5, 2025, by order of Chief Judge Patrick J. Schiltz, the St. Paul courthouse for the U.S. District Court for the District of Minnesota closed because of inclement weather and poor road conditions. *See* ECF No. 101.[2] Rather than reschedule the hearing for a later date, the Court took the motions under advisement on the briefing alone. *Id.*[3]

## ANALYSIS

Summary judgment is proper if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Riedl v. Gen. Am. Life Ins. Co.*, 248 F.3d 753, 756 (8th Cir. 2001) (citation omitted). "A dispute is genuine if the

---

[2] *See also* United States District Court for the District of Minnesota, News & Announcements (Mar. 5, 2025), https://perma.cc/348Y-XHUY.

[3] In response, Moore moved the Court to expedite its decision on the motions for summary judgment. ECF No. 104.

evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)). The moving party bears the burden of identifying "those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1085 (8th Cir. 2001) (citation omitted). Although the Court reviews the evidence in the light most favorable to the nonmoving party, "[t]he nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

Courts hold pro se pleadings "to a less stringent standard than those drafted by attorneys." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("[P]ro se complaints are to be construed liberally."). Yet "pro se litigants are not excused from failing to comply with substantive and procedural law," *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (citation omitted), and they must still "allege sufficient facts to support the claims advanced," *Stone*, 364 F.3d at 914.

I.   **Section 1983 and *Monell* Liability**

Section 1983 allows an individual to sue "[e]very person" who causes "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. And the Fourth Amendment guarantees individuals the right to be free

5

from "unreasonable searches and seizures." U.S. Const. amend. IV; *see also United States v. Varner*, 481 F.3d 569, 571 (8th Cir. 2007) (citation omitted) ("The Fourth Amendment generally prohibits police from entering a home without a warrant unless the circumstances fit an established exception to the warrant requirement."). Generally speaking, then, Moore could sue under Section 1983 for violations of her Fourth Amendment right to be free from unreasonable searches of her dorm room. *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (noting that Section 1983 allows a plaintiff "to seek money damages from government officials who have violated [her] Fourth Amendment rights"); *see also Mazuz v. Maryland*, 442 F.3d 217, 226 (4th Cir. 2006) (considering whether a police officer's warrantless entry into an individual's university dorm room violated the Fourth Amendment).

      Yet a governmental entity is not liable for the individual constitutional violations of its employees. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."); *see also Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (noting that an employer is not "vicariously liable for the unconstitutional acts of employees"). Instead, a Section 1983 claim brought against a governmental entity must assert that the alleged constitutional violation "resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016). Such a claim, known as a "*Monell*" claim, allows a plaintiff to recover under Section 1983 against a

6

governmental entity only if its "policy or custom" is the "moving force of the constitutional violation." *Monell*, 436 U.S. at 694–95.

Moore names only SPPD as a defendant.[4] Thus, to succeed, Moore must show that "an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee" by SPPD led to the individual officer's allegedly unconstitutional entry into her dorm room. *Bolderson*, 840 F.3d at 985.[5] But there is no evidence in the record to support any of these grounds for *Monell* liability. The only evidence properly before the Court is the body-worn camera footage of the incident which, by itself, provides no evidence that the officers acted under official or unofficial custom or policy, nor that SPPD was deliberately indifferent to training those officers.

In response to SPPD's motion for summary judgment, which argued that Moore failed to prove a *Monell* violation, ECF No. 93 at 10–13, Moore acknowledged that she did not sue the individual officers and asserted that SPPD is liable for the individual officers'

---

[4] Moore has declined to sue the individual officers. Indeed, she acknowledged that she is not suing the officers themselves but asserts that she "has the right to sue" SPPD and "can bring the lawsuit against the defendant's police department." ECF No. 98 at 6. Though Moore's decision is questionable as a matter of law and strategy, the Court must respect it. *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) ("[E]ven *pro se* litigants are masters of their own complaints and may choose who to sue—or not to sue."); *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009) (noting that "pro se status does not excuse [a] failure to name the proper parties").

[5] Moore does not style her claim specifically as a *Monell* violation, but instead generally asserts that her "civil rights were violated." ECF No. 1 at 4. But a "district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Because Moore sues only SPPD, the Court will (and indeed, must) construe her complaint as asserting a *Monell* claim.

7

actions under "vicarious liability." ECF No. 98 at 13–16. That is incorrect. *See Mettler*, 165 F.3d at 1204.

Moore also asserted that she can "sue government entities" under Section 1983 if "the violations stemmed from an official polic[y] or the custom of the department." ECF No. 98 at 14. That is correct. But Moore nevertheless did not put forth any evidence of an official policy or custom. Moore's only suggestion that a policy or custom existed here came in her responsive briefing to SPPD's motion for summary judgment, in which she discusses the Minneapolis Police Department's recent reforms to its "no-knock" warrant policies, *id.* at 8–9; a "state investigation" that found that police officers in Minnesota engage in racial discrimination, *id.*; and summarily asserts "negligence in the . . . hiring, training, assignment, supervising, direction or entrustment and retention" at SPPD, *id.* at 16. But arguments in briefing "are not evidence." *Wittenburg v. Am. Express Fin. Advisors, Inc.*, 464 F.3d 831, 838 (8th Cir. 2006); *see Beyer v. Firstar Bank, N.A.*, 447 F.3d 1106, 1108 (8th Cir. 2006) (affirming grant of summary judgment when the plaintiff relied on an unverified complaint and did not submit an affidavit or any evidence from which a reasonable jury could conclude that he had shown one of the elements of his claims); *Sigford v. U.S. Bank, N.A.*, No. 13-cv-2225 (JNE/JJK), 2014 WL 468300, at *5 (D. Minn. Feb. 6, 2014) (explaining that "allegations in [a plaintiff's] pleading and arguments in her brief are not evidence that can be used to successfully oppose [a] summary-judgment motion").

Moore's arguments also do not prevail on their merits. That the Minneapolis Police Department reformed its "no-knock" warrant practices provides no evidence of SPPD's

8

policies or customs with respect to the officers' search of a dorm room. That a state investigation found racial discrimination exists among Minnesota police officers does not show any policy or custom of SPPD to unlawfully enter dorm rooms. And Moore's generalized assertion that SPPD engages in negligent hiring and training is unsupported by any actual evidence in the record. Because Moore does not provide any evidence that SPPD's customs, policies, or inadequate training led directly to the alleged constitutional violation here, SPPD's motion for summary judgment must be granted.

## CONCLUSION

Accordingly, based on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. SPPD's Motion for Summary Judgment (ECF No. 90) is **GRANTED**;

2. Moore's Motion for Summary Judgment (ECF Nos. 75, 79, and 87) is **DENIED**;

3. Moore's Section 1983 claim against SPPD is **DISMISSED WITH PREJUDICE**; and

4. Moore's motion for an expedited decision (ECF No. 104) is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 19, 2025             *s/Laura M. Provinzino*
                                  Laura M. Provinzino
                                  United States District Judge