# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

MARIAMA MOORE,

Plaintiff,

v.

SAINT PAUL POLICE DEPARTMENT,

Defendant.

Case No. 24-cv-789 (LMP/SGE)

**ORDER**

On March 19, 2025, the Court granted Defendant Saint Paul Police Department's ("SPPD") summary judgment against Plaintiff Mariama Moore's 42 U.S.C. § 1983 claim and dismissed the case with prejudice. ECF No. 105. Moore filed a notice of appeal, ECF No. 107, and now an application to proceed *in forma pauperis* ("IFP"), ECF No. 109.

A litigant who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). The Court must deny IFP status if the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(1), (a)(3). "To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DJF), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Moore's appeal is not taken in good faith because it is legally frivolous. Moore sued SPPD alleging that SPPD officers unlawfully entered her dorm room in violation of the Fourth Amendment. ECF No. 105 at 1. Moore, notably, did not name or serve the

individual officers themselves. *Id*. at 2–3. The Court granted summary judgment because Moore could only succeed under Section 1983 against SPPD if she proved that the alleged constitutional violation of the individual officers "resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee," *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016), and she presented no evidence that SPPD was liable under any of those theories, ECF No. 105 at 7–9.

Moore identifies two grounds for her appeal. First, she contends that she did, in fact, sue the individual officers because she "mentioned" them in her amended complaint. ECF No. 108 at 2. Not true. While she did identify the officers in her amended complaint, that did not make them parties to the lawsuit. Indeed, Fed. R. Civ. P. 10(a) states that "every pleading must have a caption with . . . a title . . . . The title of the complaint must name all the parties[.]" Here, Moore named only SPPD in her captions. Further, in order to make either individual officer a party to the lawsuit, Moore was required to serve them within 90 days of filing her amended complaint. Fed. R. Civ. P. 4(m). She failed to do so. Most importantly, however, is Moore's own representation to the Court during summary judgment briefing. SPPD argued that she failed to name the individual defendants; in response, Moore acknowledged that she did not sue the officers themselves but asserted that she "has the right to sue" SPPD and "can bring the lawsuit against the defendant's police department." ECF No. 98 at 6. The Court noted that "Moore's decision is questionable as a matter of law and strategy," but that the Court was required to "respect it." ECF No. 105 at 7 n. 4. Considering these facts, Moore's assertion that she did sue the

individual officers is both wrong as a matter of fact and of law. This claim is therefore frivolous.

Second, Moore argues that SPPD is vicariously liable for the alleged constitutional violations of the officers. ECF No. 108 at 2–6. This is flatly incorrect. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."); *see also Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (noting that an employer is not "vicariously liable for the unconstitutional acts of employees"). Indeed, Moore was put on notice that SPPD is not vicariously liable for the individual's actions in May 2024, when SPPD answered and asserted, correctly, that it was not vicariously liable. ECF No. 11 at 12–14. Moore, nevertheless, failed to make the officers a part of this lawsuit and failed to argue that SPPD was liable under *Monell*.

Because Moore has identified no meritorious grounds to her appeal, the Court denies her request to proceed IFP.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Moore's application to proceed IFP on appeal (ECF No. 109) is **DENIED**.

Dated: March 27, 2025

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge

3